# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SMART COMMUNICATION SYSTEMS, LLC, ET AL.,

      **Plaintiffs,**

      v.

REGION CONSTRUCTION, INC., ET AL.,

      **Defendants.**

Case No. 17-2488-JAR-JPO

## MEMORANDUM AND ORDER

On August 28, 2017, Plaintiffs Smart Communication Systems, LLC and Advanced Communication Networks, LLC, filed a Verified Complaint alleging breach of contract against Defendants for failing to pay Plaintiffs for equipment, accounting losses on projects for which Defendants' draws of cash exceeded revenues, poor quality and deficient work provided to Plaintiffs' clients as a subcontractor, and for double-billing one of their clients. Moreover, Plaintiffs argue that Defendants breached an oral agreement with Plaintiffs whereby Plaintiffs would forgive Defendants' interest owed in exchange for performance of other obligations. Plaintiffs maintain that Defendants have also breached the contract at issue by violating its confidentiality and exclusivity provisions.

Also on August 28, Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7). The memorandum in support of this motion includes a certificate of service for all named Defendants, indicating that they were sent the motion and attached documents by certified mail on August 25, 2017. Now before the Court is Plaintiffs' Motion for Leave to Amend Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9), filed on March 30, 2017. In that motion, Plaintiffs state that counsel

inadvertently included a certificate of service in the original brief, and that counsel in fact did not send notice to Defendants. Plaintiffs ask that the Court allow them to amend the motion in order to remove the certificate of service, and to treat this motion as a request for a Temporary Restraining Order without notice.

Assuming Plaintiffs' inclusion of the certificate of service in the original motion was indeed "scrivener's error,"[1] the Court grants Plaintiffs' motion for leave to amend their Motion for Temporary Restraining Order and Preliminary Injunction and proceeds to consider whether an ex parte temporary restraining order should be issued.

Fed. R. Civ. P. 65(b)(1) governs when a temporary restraining order can be issued by the Court without notice to the adverse parties:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs' amended motion fails to make a sufficient showing they will suffer irreparable and immediate harm before Defendants can be heard. Instead, Plaintiffs offer generalized breach of contract damages, and no explanation of the specific injuries they expect to suffer if a restraining order is not issued before Defendants can receive notice and an opportunity to respond to the motion. Additionally, the Court finds that Plaintiffs' counsel has failed to certify

---

[1] Plaintiff maintains that the certificate of service was populated "without knowledge of that fact," as a result of counsel's software. Oddly, this software automatically included August 25, 2017 as the date that the motion was sent to Defendants by certified mail—three days before the Complaint and motion was filed. *See* Doc. 8 at 18.

2

in writing his efforts to give Defendants notice of this motion, and the reasons why it should not be required here.

To constitute irreparable harm, the injury "must be both certain and great."[2] It "is often suffered when 'the injury can[not] be adequately atoned for in money,' or when 'the district court cannot remedy [the injury] following a final determination on the merits.'"[3] "Loss of customers, loss of goodwill, and threats to a business' viability have been found to constitute irreparable harm."[4] On the other hand, wholly conclusory statements alone will not constitute irreparable harm.[5]

Plaintiffs suggest in their brief that they have other contractual relationships similar to the one they share with Defendants, and that if Defendants "are allowed further to act in bad faith and to breach their Agreements, other subcontractors to Plaintiffs may also breach their subcontractor agreements with Plaintiff, causing additional irreparable harm."[6] Plaintiffs also argue that they will lose trade secrets and other proprietary information that Defendants had agreed to keep confidential. Finally, Plaintiffs point to their breach of contract damages. None of these facts, however, clearly demonstrate to the Court that Plaintiffs' other subcontractors will breach their contracts, or that they will lose further trade secrets in the next few weeks before the Court can conduct a preliminary injunction hearing. Indeed, according to Plaintiffs' motion, Plaintiffs have attempted to contact Defendants about their breach of contract allegations since at least May 2017, with no response. It appears that Plaintiffs' owner and executive met with

---

[2]*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quoting *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

[3]*Id.* (quoting *Am. Hosp. Ass'n v. Harris*, 625 F.2d 1328, 1331 (7th Cir. 1980)).

[4]*Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d, 1197, 1205 (D. Kan. 2003).

[5]*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004).

[6]Doc. 9-2 at 14.

Defendants in Lincoln, Nebraska at that time, and Defendants told him they expected him "to forgive and forget all outstanding obligations and breaches by Defendants of their Subcontractor Agreements."[7] And, according to the Complaint and motion, Plaintiffs knew that Defendant Region Construction had signed a contract with another company "in overt and willful violation of and in derogation of its duties under its Subcontractor Agreement with Plaintiff,"[8] in November 2016. Plaintiffs state that notice should not be required here "because Defendants have been ignoring all communications from Plaintiffs for several months while they have simultaneously been profiting off of breaching the agreements."[9] But ignoring Plaintiffs' communications does not demonstrate the sort of irreparable harm necessary to justify an ex parte temporary restraining order.[10] Plaintiffs have failed to allege facts to clearly demonstrate that they will suffer irreparable harm before Defendants can be heard in opposition on this motion.

Perhaps after an evidentiary hearing, Plaintiffs can demonstrate that they will suffer an injury that cannot be remedied following a final determination on the merits, through a damages award. In order for Defendants to have an adequate opportunity to respond, the Court orders Plaintiffs to effectuate service of the Summons, Complaint, and Motion for Temporary Restraining Order and Preliminary Injunction, as well as this Order, on all Defendants on or before September 6, 2017. Defendants shall respond to this motion on or before September 13, 2017. Upon entry of appearances by Defendants, the Court will contact the parties to set a preliminary injunction hearing.

---

[7] *Id.* ¶ 33.

[8] *Id.* ¶ 28; Doc. 1 ¶ 42.

[9] Doc. 9-1 at 2.

[10] If anything, this fact suggests that notice of this lawsuit and motion for preliminary injunction will be ignored.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to Amend Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 9) is **granted**. The Clerk is directed to file the proposed motion and memorandum in support attached to Plaintiffs' motion for leave. Plaintiffs' original Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is **moot** in light of the amended filing.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiffs' Amended Motion for Temporary Restraining Order is **denied**. The motion for preliminary injunction remains pending. Plaintiffs shall effectuate service of the Summons, Complaint, and Amended Motion for Temporary Restraining Order and Preliminary Injunction, as well as this Order, on all Defendants on or before September 6, 2017. Defendants shall respond to this motion on or before September 13, 2017. Upon entry of appearances by all Defendants, the Court will contact the parties to set a preliminary injunction hearing.

**IT IS SO ORDERED.**

Dated: August 30, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE