# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SMART COMMUNICATION SYSTEMS, LLC, ET AL.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **REGION CONSTRUCTION, INC., ET AL.,** <br><br> **Defendants.** | **Case No. 17-CV-02488** |

## ORDER TO SHOW CAUSE

Plaintiffs Smart Communications, LLC and Advanced Communication Networks, LLC assert that this Court has diversity subject matter jurisdiction to hear their claims pursuant to 28 U.S.C. § 1332 because "Plaintiffs and Defendants are citizens/domiciliaries of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000)."[1] Although Plaintiffs contend that diversity of citizenship exists, their complaint does not allege facts sufficient for the Court to determine whether Plaintiffs and Defendants are, in fact, citizens or domiciliaries of different states.

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[2] For the purposes of diversity jurisdiction, the citizenship of a business entity depends on its organizational structure.[3] If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of

---

[1] Doc. 1 ¶ 10.

[2] *Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905 (10th Cir. 2015) (citation omitted).

[3] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1236–38 (10th Cir. 2015) (analyzing different treatment of corporations and LLCs for purposes of diversity jurisdiction).

business is located.[4] If the business is a limited liability company—like both Plaintiff entities here—its citizenship is determined by the citizenship of each one of its members.[5]

Plaintiffs allege that the corporate defendants are Tennessee, Kansas, and Michigan corporations, all with their principal places of business in Kansas, and that the individual defendants are all citizens of Kansas.[6] As to themselves, Plaintiffs merely allege that they are "limited liability companies with the same ownership, their principal places of business in the City of Apollo Beach, State of Florida, and are conducting business in the State of Kansas, registered to do business in the State of Kansas, and have the capacity to sue."[7] Plaintiffs do not state the citizenship of each individual member of each limited liability company. Thus, the Court is unable to determine Plaintiffs' citizenship from the information Plaintiffs have provided and whether that citizenship destroys diversity.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction exists. "Courts do not usually raise claims or arguments on their own. But federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."[8] The Court "must dismiss the cause at any stage of the proceedings in which

---

[4] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[5] *Siloam Springs*, 781 F.3d at 1234 ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr.*, LLC, 176 F.Supp.2d 1245, 1248 (D. Kan. 2001) ("Unlike corporations, the Supreme Court has long held fast to its position that an unincorporated entity is a citizen of each state where its individual members hold citizenship.") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

[6] Doc. 1 ¶¶ 2-5.

[7] *Id.* ¶ 1.

[88] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

it becomes apparent that jurisdiction is lacking."[9] The Court therefore directs Plaintiffs to show cause why the Court should not dismiss this case for lack of diversity subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs are required to show good cause in writing, by amendment to their complaint on or before October 13, 2017, why the Court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 29, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[9] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").